UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN L. STARKS,<br><br>    Movant,<br><br>v.<br><br>DEPARTMENT OF DEFENSE,<br><br>    Respondent. | No. 2:25-mc-00264-DC-SCR (PS)<br><br><u>ORDER DIRECTING THE FILING OF SUPPLEMENTAL BRIEFING</u> |

Movant Justin L. Starks initiated this action under the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401, *et seq.*, to challenge Respondent Department of Defense's attempt to obtain access to his financial records from USAA Federal Savings Bank. (Doc. No. 1.)

Under RFPA, "a financial institution may disclose a customer's financial records if such records are properly requested by a governmental authority via an administrative subpoena or judicial subpoena." *Cano v. Dep't of Def.*, No. 5:24-mc-0007-SSS-SP, 2024 WL 3740102, at *2 (C.D. Cal. July 30, 2024), *report and recommendation adopted*, 2024 WL 3993845 (C.D. Cal. Aug. 27, 2024) (citing 12 U.S.C. § 3402(2), (4)).

RFPA permits customers of financial institutions to challenge government subpoenas seeking access to their financial records by filing a motion in federal court. *See* 12 U.S.C. § 3410(a). Specifically, a customer of a financial institution may "[w]ithin ten days of service or within fourteen days of mailing of a subp[o]ena, summons, or formal written request . . . file a

motion to quash" said subpoena, summons, or formal written request "with copies served upon the Government authority." 12 U.S.C. § 3410(a). A customer's motion must contain an affidavit or sworn statement

> (1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and
>
> (2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.

*Id.* Further, for service upon the Government authority to be proper, a customer must serve the "Government authority . . . specified in the notice which the customer has received . . . ." *Id.* These challenge procedures "constitute the sole judicial remedy available to a customer to oppose disclosure" of their financial records pursuant to the RFPA. 12 U.S.C. § 3410(e).

Here, Movant has failed to demonstrate in his motion that he has satisfied the procedural requirements under the RFPA. Specifically, Movant has not shown that he served Respondent with a copy of his motion and sworn statement. Instead, the certificate of service filed by Movant suggests that he served the "California Eastern District Court" only. (Doc. No. 1 at 3.) From the "Notice to Customer" included in Movant's filing, Movant is required to serve the "Inspector General of the Department of Defense." (*Id.* at 5); *see* 12 U.S.C. § 3410(a). It does not appear that Movant has done so. Thus, Movant has not shown that he has effected service on the Government authority as required by RFPA.

Movant also has not specified on what date he received the "Notice to Customer" from the Department of Defense. In the absence of that date, the court cannot determine that Movant complied with the timeliness requirements in filing his motion. There is also a discrepancy between the dates written on the certificate of service and the sworn statement. (Doc. No. 1 at 1–2.) The sworn statement is signed and dated on August 12, 2025, whereas the certificate of service is signed and dated on July 25, 2025. For this additional reason, the court cannot determine if Movant filed his motion within the 10-day or 14-day deadlines set by RFPA.

**Accordingly, Movant is hereby directed to file supplemental briefing in support of**

**his pending motion, by no later than August 29, 2025, to address the procedural deficiencies outlined in this order.**

Movant's failure to comply with this order will result in his motion being denied due to a failure to satisfy RFPA's strict procedural requirements. *See Gutierrez v. Soc. Sec. Admin. Off. of Inspector Gen.*, No. 2:15-mc-0075-TLN-KJN, 2015 WL 5138105, at *3 (E.D. Cal. Sept. 1, 2015) (noting that "procedural defects, by themselves, are sufficient bases for the court to deny the motion to quash" under RFPA).

IT IS SO ORDERED.

Dated:  __August 14, 2025__                                     _____
                                                                                                   Dena Coggins
                                                                                                   United States District Judge